## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

231 COMMERCE, LLC,

      Plaintiff,

                                          Case No.: 15-894

           v.

231 OUTFITTERS, LLC,
a Michigan Limited Liability Company,

SWEETWATER SEA, LLC,
a Michigan Limited Liability Company,

and

MICHAEL SUTHERLAND,
an individual,

      Defendants.

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, 231 Commerce, LLC, by and through its attorneys, Revision Legal, PLLC, states as follows:

### I.    INTRODUCTION

1. This is an action for cybersquatting, trademark infringement, unfair competition, breach of contract, and piercing the corporate veil arising out of the Defendants' breach of a license agreement executed between the parties for the limited use of the mark 231.

### II.    PARTIES, JURISDICTION, AND VENUE

2. Plaintiff 231 Commerce, LLC ("231 Commerce") is a Michigan limited liability company organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan.

3. Defendant 231 Outfitters, LLC ("231 Outfitters") is a limited liability company organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan.

4. Defendant Sweetwater Sea, LLC ("Sweetwater Sea") is a limited liability company organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan.

5. Defendant Michael Sutherland is an individual resident of the State of Michigan who is domiciled in Traverse City, Michigan.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1338 because this civil action arises under the Lanham Act, specifically, 15 U.S.C. §§ 1114 and 1125(a).

7. This Court has personal jurisdiction over Defendants because Defendants are residents of the State of Michigan, Defendants have purposely availed themselves of the privilege of acting in Michigan, Defendants committed intentionally tortious actions expressly aimed at a Michigan limited liability company, which has caused harm to Plaintiff in Michigan and said harm was known by Defendant to be likely to be suffered by Plaintiff in Michigan, Defendants' actions were expressly aimed at and in the State of Michigan, and Defendants' acts and/or consequences have a substantial enough connection with Michigan to make the exercise of jurisdiction

reasonable. The exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district, because the injured party is a resident of this State, and because the exercise of jurisdiction by the Court over Defendant is proper.

### III.  PLAINTIFF'S MARKS

9. Plaintiff is 231 Commerce, a limited liability company with its principal place of business in Traverse City, Michigan.

10. In approximately July of 2012, 231 Commerce created and began selling clothing and novelty goods bearing the 231 mark, including hats, t-shirts, sweatshirts, and stickers.

11. In approximately April of 2013, 231 Commerce created and began offering a mobile software application bearing the 231 mark, which provides tourists in the northern Michigan area with information on local breweries and other events.

12. Subsequently, Plaintiff applied for, and was granted, three trademark registrations for 231 with the United States Patent and Trademark Office.

13. Specifically, Plaintiff applied for and, on June 4, 2013, received registration of 231 for use in association with hats under USPTO Reg. No. 4,346,714. See **Exhibit A**, Printout of Registration.

14. Plaintiff applied for and, on December 3, 2013, received registration of 231 for use in association with stickers under USPTO Reg. No. 4,443,462. See **Exhibit B**, Printout of Registration.

15. Plaintiff applied for and, on February 17, 2015, received registration of

**231** for use in association with downloadable software in the nature of a mobile application for tourism information under USPTO Reg. No. 4,689,224. See **Exhibit C**, Printout of Registration.

16. Since as early as June 2012, Plaintiff has exclusively and continuously used the 231 mark in combination with clothing goods, including, but not limited to, t-shirts and sweatshirts.

17. As a result of Plaintiff's longstanding, exclusive, and continuous use of the 231 mark in commerce, Plaintiff has also acquired common law trademark rights in and to the 231 mark in association with the sale and offering for sale of clothing goods.

18. As a result of its registered and common law trademark rights (collectively "231 Marks"), Plaintiff has established substantial consumer goodwill in its 231 brand.

## DEFENDANTS' MISCONDUCT

19. On April 7, 2014, Defendant Sutherland, on behalf of Defendant 231 Outfitters, entered into a license agreement ("Agreement") with Plaintiff 231 Commerce for the license of the 231 Marks for use in association with a retail store located in Traverse City, Michigan. See **Exhibit D**, Printout of Executed License Agreement.

20. Under the terms of that Agreement, Defendant 231 Outfitters was to pay Plaintiff 231 Commerce fifteen percent (15%) of all net sales revenue received from the sale of all goods sold at Defendant 231 Outfitters' retail store that bear the 231 Marks that were not sourced from 231 Commerce.

21. Additionally, in the event Defendant 231 Outfitters did not seek to source its own products, it was to purchase goods bearing the 231 Mark directly from 231 Commerce at wholesale prices.

22. Defendant 231 Outfitters expressly agreed, under the terms of the Agreement, to undertake its best efforts to sell retail goods bearing the 231 Marks.

23. Defendant 231 Outfitters was to pay 231 Commerce for all amounts owed under the terms of the Agreement within ten (10) days after the end of each calendar month and provide a written statement setting forth the number and prices of goods sold.

24. Defendant 231 Outfitters was to display the ® symbol as a superscript of the 231 Marks on all hats and stickers.

25. Defendant 231 Outfitters was to keep or cause to be kept full and true books of account reflecting its sale of goods bearing the 231 Marks.

26. In consideration for these promises, Plaintiff 231 Commerce granted Defendant 231 Outfitters a limited, non-exclusive, and revocable license to use the 231 Marks in association with Defendant 231 Outfitters' retail store and for the advertising of retail goods bearing the 231 Marks.

27. Defendant 231 Outfitters agreed that it was "expressly prohibited from using the 231 Mark in connection with any business activity unrelated to the Retail Store or Retail Goods."

28. And Defendant 231 Outfitters agreed that, in the event litigation was necessary, the prevailing party "will be entitled to be reimbursed by the unsuccessful party for all costs incurred in connection with such action, proceeding, or litigation, including a reasonable allowance for attorneys' fees and costs…."

29. Defendant 231 Outfitters has failed to pay Plaintiff 231 Commerce for the goods provided to 231 Outfitters at wholesale and under the terms of the Agreement.

30. Defendant 231 Outfitters has failed to pay Plaintiff 231 Commerce fifteen percent (15%) of all net sales revenue for goods sold bearing the 231 Marks and sourced from third parties as specified under the Agreement.

31. Defendant 231 Outfitters has failed to display the ® as a superscript on all hats and stickers bearing the 231 Marks.

32. Defendant 231 Outfitters has failed to keep accurate books and records of its sale of goods bearing the 231 Marks.

33. Defendant 231 Outfitters has used the 231 Marks in connection with business activity unrelated to the 231 retail store or retail goods.

34. Specifically, Defendant Sweetwater Sea, which operates under the name "The River," has used the 231 Marks in association with its sale and offering for sale of kayak and stand up paddleboard rentals, tours, and events.

35. Defendant Sweetwater Sea has also used the 231 Marks in association with its advertisement of its kayak and stand up paddleboard rentals, tours, and events through social media channels, including, but not limited to, Facebook.

36. On July 31, 2015, Plaintiff 231 Commerce terminated Defendant 231 Outfitters' license to use the 231 Marks for Defendant's failure to comply with the provisions outlined above.

37. Despite Plaintiff 231 Outfitters' termination of Defendant 231 Outfitters' license, Defendant continues to use Plaintiff's 231 Marks in violation of the law.

**COUNT 1**
**Violation of Anticybersquatting Consumer Protection Act, 1125(d)**

38. Plaintiff incorporates paragraphs 1-37 above as if fully restated herein.

39. Defendants Michael Sutherland, 231 Outfitters, and Sweetwater Sea are the domain registrants or the domain name registrant's authorized license of the <231outfitters.com> domain name.

40. Defendants registered <231outfitters.com> domain name without license or authorization from Plaintiff 231 Commerce and in violation of the limited license granted under the Agreement.

41. Subsequent to Plaintiff's termination of the license granted under the Agreement, Defendants used and trafficked in the <231outfitters.com> domain name with a bad faith intent to profit from the use of Plaintiff's 231 Marks and their associated goodwill.

42. Plaintiff's 231 Marks were distinctive at the time of Defendants' registration, use, and trafficking in <231outfitters.com> domain name.

43. Defendants have no legitimate interest in the <231outfitters.com> domain name.

44. Defendants used and trafficked in the <231outfitters.com> domain name with prior knowledge of Plaintiff's 231 Marks and with explicit knowledge that their continued use of the 231 Marks was infringing.

45. Defendants used the <231outfitters.com> domain name to divert consumers from Plaintiff's website to Defendants' websites for commercial gain and to cause a likelihood of confusion.

46. Defendants' actions constitute cybersquatting under § 15 U.S.C. § 1125(d).

47. In light of Defendants' actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

48. Plaintiff is also entitled to the transfer of the <231outfitters.com> domain name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

49. Plaintiff is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

50. Alternatively, at Plaintiff's election, Plaintiff is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

51. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## COUNT 2
## Trademark Infringement

52. Plaintiff incorporates paragraphs 1-51 above as if fully restated herein.

53. Plaintiff applied for and, on June 4, 2013, received registration of 231 for use in association with hats under USPTO Reg. No. 4,346,714. See **Exhibit A**, Printout of Registration.

54. Plaintiff applied for and, on December 3, 2013, received registration of 231 for use in association with stickers under USPTO Reg. No. 4,443,462. See **Exhibit B**, Printout of Registration.

55. Plaintiff applied for and, on February 17, 2015, received registration of  for use in association with downloadable software in the nature of a mobile application for tourism information under USPTO Reg. No. 4,689,224. See **Exhibit C**, Printout of Registration.

56. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland have used a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's 231 Marks in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or service in a manner which is likely to cause confusion, or to cause mistake, or to deceive the consuming public.

57. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland's use of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's 231 Marks has caused actual confusion as to the origin or source of Defendants' goods and services.

58. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland's actions constitute trademark infringement.

59. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland have profited from this trademark infringement by diverting customers from 231 Commerce to Defendants.

60. As a result of this trademark infringement, Plaintiff has suffered monetary damages and a loss of goodwill.

61. Consequently, Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland's use of Plaintiff's 231 Marks constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

62. Plaintiff is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

63. Alternatively, at Plaintiff's election, Plaintiff is entitled to recover statutory damages in the amount of $2,000,000 for Defendants' willful infringement and use of a counterfeit mark.

64. Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

65. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**COUNT 3**
**False Designation of Origin**

66. Plaintiff incorporates paragraphs 1-65 above as if fully restated herein.

67. Plaintiff has used the 231 Marks since as early as June 2012.

68. Plaintiff's 231 Marks are distinctive or have acquired distinctiveness through secondary meaning.

69. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland have used the 231 Marks in commerce by exceeding the license granted under the Agreement and by using the 231 Marks after the Agreement was terminated to deceive consumers into purchasing from Defendants instead of Plaintiff.

70. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland's use of Plaintiff's 231 Marks is commercial in nature.

71. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland use of the 231 Marks in commerce is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendants' goods and services are authorized by, sponsored by, approved by, or affiliated with Plaintiff's services.

72. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland's use of the 231 Marks in commerce is likely to confuse the public.

73. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland falsely designated Plaintiff as the origin of their goods and services through their use of the 231 Marks without authorization or in excess of authorization previously given.

74. Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland have profited from this false designation by diverting customers from Plaintiff to Defendants.

75. As a result, Plaintiff has suffered monetary damages and a loss of goodwill associated with its 231 Marks.

76. Consequently, Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland use of the 231 Marks constitutes unfair competition and trademark infringement pursuant to 15 U.S.C. § 1125(a).

77. Plaintiff is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

78. In light of Defendants 231 Outfitters, Sweetwater Sea, and Michael Sutherland's actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

79. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**COUNT 4**
**Breach of Contract**

80. Plaintiff incorporates paragraphs 1-79 above as if fully restated herein.

81. Defendant 231 Outfitters executed the Agreement with Plaintiff 231 Commerce on April 7, 2014.

82. Defendant 231 Outfitters has failed to pay Plaintiff 231 Commerce for the goods provided to 231 Outfitters at wholesale and under the terms of the Agreement.

83. Defendant 231 Outfitters has failed to pay Plaintiff 231 Commerce fifteen percent (15%) of all net sales revenue for goods sold bearing the 231 Marks and sourced from third parties as specified under the Agreement.

84. Defendant 231 Outfitters has failed to display the ® as a superscript on all hats and stickers bearing the 231 Marks.

85. Defendant 231 Outfitters has failed to keep accurate books and records of its sale of goods bearing the 231 Marks.

86. Defendant 231 Outfitters has used the 231 Marks outside of the limited license granted under the terms of the Agreement.

87. Plaintiff has terminated the Agreement.

88. Despite Plaintiff's termination of the Agreement and its associated license, Defendant 231 Outfitters has continued to use the 231 Marks.

89. Plaintiff has demanded payment consistent with the terms of the Agreement.

90. Defendant 231 Outfitters has repeatedly promised, and has consistently failed, to pay Plaintiff under the terms of the Agreement.

91. Defendant 231 Outfitters' actions constitute breach of contract.

92. Plaintiff has suffered monetary damages as a result of Defendant 231 Outfitters' actions.

93. Plaintiff is entitled to monetary damages as a result of Defendant 231 Outfitters' actions, including, but not limited to, its expectation interest, consequently damages, and incidental damages.

94. Defendant 231 Outfitters agreed that, in the event litigation was necessary, the prevailing party "will be entitled to be reimbursed by the unsuccessful party for all costs incurred in connection with such action, proceeding, or litigation, including a reasonable allowance for attorneys' fees and costs…."

95. Consequently, Plaintiff is entitled to its costs and attorneys' fees for Defendant's breach of contract.

**COUNT 5**
**Piercing the Corporate Veil**

96. Plaintiff incorporates paragraphs 1-95 above as if fully restated herein.

97. Defendant 231 Outfitters is a limited liability company wholly owned by Defendant Michael Sutherland.

98. Defendant Sweetwater Sea is a limited liability company wholly owned by Defendant Michael Sutherland.

99. Defendants 231 Outfitters and Sweetwater Sea have misused the corporate form and, through that misuse, have committed fraud and promoted injustice.

100. Defendants 231 Outfitters and Sweetwater Sea are undercapitalized and have failed to maintain corporate records.

101. Defendants 231 Outfitters and Sweetwater Sea were created to promote illegal activities, including, but not limited to, the infringement of Plaintiff's 231 Marks.

102. Accordingly, the corporate forms of Defendants 231 Outfitters and Sweetwater Sea should be ignored and Defendant Sutherland should be held personally liable for the actions undertaken by those entities.

**WHEREFORE**, Plaintiff requests this honorable Court grant the following relief:

A.  That Defendants and all persons acting in concern with them be preliminarily and permanently enjoined from using <231outfitters.com>, the 231 Marks, or any colorable imitation thereof likely to cause confusion;

B.  That Defendants be ordered to transfer the <231outfitters.com> domain name into Plaintiff's possession;

C.  That Plaintiff receive and recover from Defendants all damages sustained;

D.  That Plaintiff receive and recover from Defendant statutory damages in the maximum amounts allowable by statute;

E.  That Defendants be ordered to pay Plaintiff's reasonable costs, expenses, and attorney fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1116, 15 U.S.C.§ 1117(a), and the terms of the Agreement.

F.  That Plaintiff be awarded pre and post-judgment interest to the maximum extent allowed by law;

G.  That Plaintiff be awarded damages for Plaintiff's monetary loss; and

H.  That Plaintiff be awarded such other and further relief to which is may be justly entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: September 2, 2015              By:  /s/ John Di Giacomo
                                      John Di Giacomo
                                      Eric Misterovich
                                      *Counsel for Plaintiff*
                                      Revision Legal, PLLC
                                      109 E. Front St.
                                      Suite 309

Traverse City, MI 48684
Phone: (231) 714.0100
Fax: (231) 714.0200
Email: john@revisionlegal.com