UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

231 COMMERCE, LLC,

    Plaintiff,

v.

SWEETWATER SEA, LLC, et al.,

    Defendants,

_____/

Hon. Janet T. Neff

Case No. 1:15-cv-00894

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 18), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). A hearing on the motion was held January 4, 2016.

Summonses were returned executed as to Defendants 231 Outfitters, LLC, (Dkt. 10), Sweetwater Sea, LLC (Dkt. 12), and Michael Sutherland (Dkt. 11). Defendants failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to all Defendants on September 30, 2015 (Dkt. 16). Plaintiff, through counsel, appeared for the January 4, 2016 hearing on the motion for default judgment. Defendants did not appear for the hearing or contact the Court in any way.

## THE PARTIES

Plaintiff, 231 Commerce, LLC, is a limited liability company claiming that Defendants are liable for cybersquatting, trademark infringement, false design of origin, breach of contract, and piercing the corporate veil. Defendants 231 Outfitters, LLC and

Sweetwater Sea, LLC are limited liability companies wholly owned by Defendant Michael Sutherland. Defendants are neither minors nor incompetent persons. As Defendants have not answered or otherwise pled, the allegations against the Defendants are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

DISCUSSION

At the January 4, 2016 hearing, the undersigned reviewed with Plaintiff's counsel the requirements for default judgment and discussed appropriate damages, fees and costs. Requirements for default judgment against all Defendants have been met, including liability for the individual Defendant, Michael Sutherland, owner of both 231 Outfitters, LLC and Sweetwater Sea, LLC.

Under the Anticybersquatting Consumer Protection Act, a plaintiff "may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C. § 1117(d). Additionally, a court may order the transfer or cancellation of a domain name under 15 U.S.C. § 1125(d)(1)(C). Consistent with 15 U.S.C. § 1116(a), the court may grant a permanent injunction to prevent a violation of 15 U.S.C. § 1125(a) and (d), or, more specifically, the false designation of origin and cybersquatting provisions of the Lanham Act. And, in exceptional cases, a court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).

Similarly, under the Lanham Act, a holder of a trademark registration may recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. See 15 U.S.C. § 1117(a). Further, in assessing these damages, the Court shall enter a judgment against the defendant for three times such profits or damages, whichever is greater, together with reasonable attorneys' fees, where the defendant has intentionally used a mark known that the mark is a counterfeit mark. See 15 U.S.C. § 1117(b). A counterfeit mark is defined as "a counterfeit of a mark that is registered on the

principal register in the United States Patent and Trademark office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B)(i). Finally, in cases involving the use of a counterfeit mark, the court may award statutory damages in the amount of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, or, if the use of the mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold. See 15 U.S.C. § 1117(c)(1) and (2).

For false designation of origin, a plaintiff may also be awarded defendant's profits, any damages sustained by the plaintiff, and the costs of the action. 15 U.S.C. § 1117(a). And in all such cases, the Court may award reasonable attorneys' fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a).

## RECOMMENDED DAMAGES

### Count 1 - Cybersquatting

Plaintiff requested that the Court hold Defendants jointly and severally liable to Plaintiff for statutory damages in the amount of $100,000 for Defendants' registration, use, and trafficking in the <231outfitters.com> domain name with a bad faith intent to profit; however, upon review of the record the undersigned recommends that the Court assess damages in the amount of $1,000 statutory damages and post-judgment interest on that amount until it is paid in full.

### Count 2 – Trademark Infringement

Plaintiff also requested that the Court hold Defendants jointly and severally liable for trademark infringement and award Plaintiff statutory damages in the amount of

4

$50,000. Upon review of the record, the undersigned recommends that the Court assess damages in the amount of $10,000 statutory damages and post-judgment interest on that amount until it is paid in full.

Count 3 – False Designation of Origin and Count 4 - Breach of Contract

Upon review of the record, the undersigned recommends the Court hold Defendants jointly and severally liable for false designation of origin and breach of contract and award Plaintiff actual damages in the amount of $17,061.45. This amount consists of $10,249.45 of actual inventory that Plaintiff is aware Defendants have sold under the terms of the parties' agreement, $3,400 of remaining inventory, which was to be sold by Defendants under the terms of the agreement, and $3,412 in pre-judgment interest.

INJUNCTIVE RELIEF

Upon review of the record in this case, the undersigned recommends: (1) that the Court permanently enjoin and restrain Defendants from registering, using, or trafficking in domain names containing Plaintiff's 231 mark, or any colorable imitation thereof likely to cause confusion; and (2) that the Court permanently enjoin and restrain Defendants from using the 231 mark, or any colorable imitation thereof, to create a likelihood of consumer confusion as to the source, origin, or sponsorship of Defendants' goods or services. This permanent injunction is necessary to prevent against future consumer confusion from Defendants' actions.

Plaintiff also requested that GoDaddy, LLC, not a party to this lawsuit, be ordered to transfer the <231outfitters.com> domain name to Plaintiff's registrar of choice. The undersigned recommends that that request be denied.

## FEES AND COSTS

The undersigned agrees with Plaintiff that this is an "exceptional case" warranting an award of reasonable attorneys' fees. An "exceptional case" is one that involves malicious, fraudulent, willful, or deliberate conduct. *See Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004). Though an exceptional case is not defined in the statute, 15 U.S.C. § 1117(a), an exceptional case will be found where the infringement was "malicious, fraudulent, willful, or deliberate." *Id.*

Counsel for Plaintiff, John Di Giacomo, has submitted a declaration regarding fees and costs (Dkt. 27). The method of calculation and amount sought appear reasonable and appropriate for this matter. As such, the undersigned recommends that attorney fees in the amount of $7,686.00 and costs in the amount of $488.69 be awarded.

## CONCLUSION

The undersigned recommends:

1. that Plaintiff's Motion for Default Judgment be GRANTED;

2. that the Court find that Defendant's actions constitute a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125(d), trademark infringement, 15 U.S.C. § 1114, false designation of origin, 15 U.S.C. § 1125(a), breach of contract, and piercing the corporate veil;

3. that the Court find that Defendants 231 Outfitters, LLC and Sweetwater Sea have abused the limited liability form and, therefore, Defendant Michael Sutherland will be held personally liable for the actions of those entities;

4. that the Court find that Defendants are jointly and severally liable for cybersquatting under the Anticybersquatting Consumer Protection Act and are ordered

to pay Plaintiff statutory damages in the amount of $1,000.00 and post-judgment interest on that amount until it is paid in full;

5. that the Court find that Defendants are jointly and severally liable for trademark infringement and are ordered to pay Plaintiff statutory damages in the amount of $10,000.00 and post-judgment interest on that amount until it is paid in full;

6. that the Court find that Defendants are jointly and severally liable for false designation of origin and breach of contract and are ordered to pay Plaintiff actual damages in the amount of $13,649.45 and, pursuant to the parties' agreement, pre-judgment interest on that amount of $3,412.00, for a total of $17,061.45;

7. that Defendants be permanently enjoined and restrained from using Plaintiff's 231 marks, or any colorable imitation thereof, to create a likelihood of consumer confusion as to the source, origin, or sponsorship of Defendants' goods or services;

8. that the Court find that Defendants are jointly and severally liable to pay Plaintiff its taxable costs pursuant to 15 U.S.C. § 1117(a) and in the amount of $488.69;

9. that the Court find that Defendants' actions were willful and in bad faith, that this is an exceptional case consistent with 15 U.S.C. 1117(a), and that Defendants are ordered to pay Plaintiff's reasonable attorneys' fees in the amount of $7,686.00; and

10. that Plaintiff's request that GoDaddy, LLC be ordered to transfer the <231outfitters.com> domain name to Plaintiff's registrar of choice be DENIED.

Date: January 15, 2016                      /s/ Ellen S. Carmody
                                                                          ELLEN S. CARMODY
                                                                          U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).